JOHN E. KUHN, JR.
United States Attorney

STEVE SKROCKI
CHARISSE ARCE
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Steven.Skrocki@usdoj.gov
     Charisse.Arce@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JEROME ANTHONY STRINGFIELD,<br><br>　　　　　　Defendant. | No. 3:22-cr-00031-JMK-MMS<br><br>COUNT 1:<br>WILDLIFE TRAFFICKING CONSPIRACY<br>　Vio. of 18 U.S.C. § 371<br><br>COUNTS 2-6:<br>WILDLIFE TRAFFICKING<br>　Vio. of 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(A)<br><br>COUNTS 7-9:<br>WILDLIFE TRAFFICKING<br>　Vio. of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(A)<br><br>COUNTS 10-14:<br>SMUGGLING WILDLIFE INTO THE UNITED STATES<br>　Vio. of 18 U.S.C. § 545 |

# I N D I C T M E N T

The Grand Jury charges that:

GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Coral reefs are among the most biologically diverse ecosystems on the planet, providing critical habitat benefits to both natural and human communities as well as providing coastline protection.

2. The Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES") is an international treaty implemented to prevent species from becoming endangered or extinct due to international commercial trade. Under CITES, signatories to the Convention cooperatively regulate the international trade of animal and plant species, including the types of corals listed herein, to ensure commercial trade is not detrimental to the survival of wild populations.

3. CITES lists species under appendices, which are described by 50 C.F.R. § 23.4. Appendix I includes species threatened with extinction that are or may be affected by trade. Appendix II includes species that are not presently threatened with extinction but may become so if their commercial trade is not regulated. As set forth in this indictment all species of *Scleractinia* corals are included in Appendix II of CITES and cannot be sold in foreign commerce without a CITES permit.

4. The United States has been a party to CITES since July 1, 1975. Federal law implements CITES via 50 C.F.R. § 23, authority for which is derived from CITES and the Endangered Species Act, 16 U.S.C. § 1531 *et seq*.

5. The Republic of the Philippines is one of six countries straddling the Coral Triangle, a 5.4 million-square-kilometer stretch of ocean that contains 75 per cent of the world's coral species, one-third of the Earth's coral reefs, and more than 3,000 species of fish. Poaching for corals and other factors has left only five per cent of coral reefs in the Philippines in "excellent" condition, with only one per cent in a "pristine" state.

6. A substantial international commercial market exists for wild coral of all types. As to the specific counts in this indictment, the following corals are valued by the wholesale, retail, and private marine aquaria hobbyist industry. Each are found in the waters of the Republic of the Philippines and other locations in the Coral Triangle.

7. Unindicted co-conspirator G.A.B. is a citizen of the Republic of the Philippines, and a resident of Bacoor, Cavite, Luzon, Philippines. At all times relevant to this indictment, unindicted co-conspirator G.A.B. would dive upon coral reefs in the Philippines, or pay others to, for the purpose of collecting corals to sell.

8. At all times relevant to this indictment, defendant, JEROME ANTHONY STRINGFIELD ("STRINGFIELD"), was a resident of the state of Florida. STRINGFIELD owned and operated an online business, *Florida's Finest Reef, LLC*.

9. As used in this indictment, corals shipped by G.A.B. to STRINGFIELD, and identified as "*chalices*" are species of large polyp stony corals belonging to the order *Scleractinia*, which live on the seabed and form coral reefs. Because *Scleractinia* are listed in Appendix II of CITES, which restricts their commercial trade, sales of *Scleractinia* corals can only occur with a valid CITES permit. With respect to all counts in this

indictment, no valid CITES permits accompanied any of the export or import shipments of corals from the Philippines to the United States.

10. "*Cans*" or "*Acans*" corals are also large polyp stony corals and are a subclass of the order *Scleractinia*. *Scleractinia* corals are listed in Appendix II of CITES, which restricts their commercial trade.

11. *Zoanthids* or "*Zoas*" are live soft corals which come in a variety different colors and colonizing formations. "*Zoas*" are not CITES Appendix II listed.

12. *Mushroom* corals, or '*Shrooms*' are a species of coral collected and sold for the hobbyist aquarist market. *Ricordea yuma*, also known as a '*yuma*' is also a variety of mushroom coral. "*Shrooms*" and "*Yumas*" are not CITES Appendix II listed.

13. Pursuant to the law of the Republic of the Philippines, none of the coral species listed herein could be legally gathered, possessed, sold, or exported from the Republic of the Philippines.

## RELEVANT LAW AND REGULATIONS

*A. Laws and Regulations of Republic of the Philippines*

Section 96 of the Republic of the Philippines Fisheries Code of 1998 provides:

14. *Ban on Coral Exploitation and Exportation*. It shall be unlawful for any person or corporation to gather, possess, sell or export ordinary, precious, and semi-precious corals, whether raw or in processed form, except for scientific or research purposes. All corals listed in this indictment are ordinary, precious, or semi-precious corals.

B. *Laws of the United States*

*Conspiracy*

15. Title 18, United States Code, Section 371, makes it unlawful for two or more persons to conspire to commit an offense against the United States.

*The Lacey Act*

16. The Lacey Act is found at Title 16 U.S.C. § 3372, et. seq.

17. Under Sections 3372(a)(2)(A) and 3373(d)(1)(A) of the Lacey Act, it is unlawful for any person to knowingly import wildlife sold in violation of any foreign law or regulation.

18. Under Sections 3372(a)(1) and 3373(d)(1)(A) of the Lacey Act, it is unlawful for any person to knowingly import wildlife sold in violation of any law or regulation of the United States.

*Smuggling*

19. Tile 18, United States Code, Section 545, makes it unlawful to fraudulently or knowingly import or bring into the United States, any merchandise contrary to law, or to receive, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law.

Unindicted Co-conspirator G.A.B. and Defendant

20. Unindicted co-conspirator G.A.B. would unlawfully dive and collect, and would pay others to unlawfully dive and collect "*Chalices*", "*Cans,*" "*Acans*", *Zoanthids* or "*Zoas*", *mushroom* or '*Shroom' corals*, and *Ricordea yuma*, also known as a '*yuma*'

corals and other prohibited corals and animal species including but not limited to *Tridacna gigas*, otherwise known as a giant clam, considered an endangered species by the Philippine government, for the purpose of illegally selling the items for profit.

21. From on or about July 16, 2017, continuing up to on or about August 16, 2018, unindicted co-conspirator G.A.B. did gather, possess, sell and export precious and semi-precious corals to defendant, JEROME ANTHONY STRINGFIELD, and at least 9 other United States Citizens in violation of the Philippines Fisheries Code, Section 91, and the Lacey Act. Most of the corals shipped, due to the method of shipment designed to conceal the illegal contents, died en route or shortly thereafter upon travel from the Philippines, through Alaska, to their destination.

22. Specifically, from July 16, 2017, continuing up to on or about July 26, 2018, unindicted co-conspirator G.A.B. illegally sold, exported and had shipped more than 5 shipments consisting of more than 490 corals to defendant, JEROME ANTHONY STRINGFIELD, for commercial resale. In August, 2018, co-conspirator G.A.B. was arrested by Philippine authorities for the illegal gathering, possession, sales and undocumented exporting of ordinary, precious, and semi-precious corals from Philippine coral reefs.

23. During all times relevant to this case, the Defendant, JEROME ANTHONY STRINGFIELD, through his business *Florida's Finest Reefs, LLC*, intended and did sell the coral imported, purchased, and received from unindicted co-conspirator G.A.B., and in fact placed and prepaid orders for corals with G.A.B. via Facebook Messenger and provided payment to G.A.B. via Western Union.

## COUNT 1

24. Paragraphs 1-23 of this Indictment are hereby realleged in their entirety and incorporated by reference herein.

25. Beginning at a time unknown, but starting at least on or about July 16, 2017, through August 16, 2018, within the District of Alaska and elsewhere, the defendant JEROME ANTHONY STRINGFIELD, together with unindicted co-conspirator G.A.B., and together with others known and unknown to the grand jury, did knowingly and intentionally combine, conspire, confederate and agree with each other to commit the following offenses against the United States by unlawfully and knowingly importing, wildlife, to wit the following corals: "*Chalices*", "*Cans,*" "*Acans*", *Zoanthids* or "*Zoas*", *mushroom* or '*Shroom' corals*, *Ricordea yuma*, also known as a '*yumas*' which were sold in violation the laws of the Republic of the Philippines, Section 96 of the Republic of the Philippines Fisheries Code, *Ban on Coral Exploitation and Exportation*, in that unindicted co-conspirator G.A.B. did gather, possess, sell and export ordinary precious and semi-precious corals, whether raw or in processed form, for commercial sale, and not for scientific or research purposes.

All of which is in violation of the Lacey Act, 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(A).

## PURPOSE OF THE CONSPIRACY

26. The purpose of the conspiracy was for the illegal export and sale of corals by G.A.B. to defendant, JEROME ANTHONY STRINGFIELD, by false and fictitious customs declaration labels and/or smuggling of corals with non-CITES corals while

concealing the true nature of the illegally shipped corals by falsely claiming the packages contained gifts, toys and other items, in violation of the Lacey Act, 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(A).

## OVERT ACTS

27. From on or about November 22, 2017, and continuing up through on or about August 16, 2018, defendant, JEROME ANTHONY STRINGFIELD purchased for retail sale corals including but not limited to "*Chalices*", "*Cans,*" "*Acans*", *Zoanthids* or "*Zoas*", *mushroom* or '*Shroom' corals*, *Ricordea yuma*, also known as a '*yumas*' from unindicted co-conspirator G.A.B., which defendant, JEROME ANTHONY STRINGFIELD, knew were collected illegally by G.A.B. in the Philippines, and that the illegally purchased corals would be shipped from the Republic of the Philippines through the District of Alaska to his residence.

28. On August 8, 2017, JEROME ANTHONY STRINGFIELD Facebook messaged G.A.B., asking G.A.B. if G.A.B. 'ran across acans.' G.A.B. responded, "many can here bro, but still illegal to ship….though on a zoa box I can sneak in some hard corals like acans, chalices, etc…small frags it wouldn't be noticed and would look as cultured…but don't expect any chalice colonies from me lol, it would give us a red flag from customs." JEROME ANTHONY STRINGFIELD responded, "I definitely want all of those." Later, on September 13, 2017, after G.A.B. posted several chalice coral fragments that he possessed or could acquire locally, JEROME ANTHONY STRINGFIELD responded, "I can quadruple the money on those…I can't tell from the size and the picture look like I can get at least $350-$450 for each one of them."

All of which is contrary to the Lacey Act, 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(A), and all of which is in violation of 18 U.S.C. § 371.

## COUNTS 2 - 6

29.   Paragraphs 1-23 of this Indictment are hereby realleged in their entirety and incorporated by reference herein.

30.   From on or about November 21, 2017, and continuing up to on or about July 26, 2018, within the District of Alaska and elsewhere, the defendant, JEROME ANTHONY STRINGFIELD, did knowingly import wildlife to wit, hard corals from the order *Scleractinia* which had been sold in violation of foreign law, to wit, Section 96 of the laws of the Republic of the Philippines, specifically the Philippines Fisheries Code of 1998, with each shipment listed below being a separate and distinct count:

| Count | Shipment Date | Corals | Number of Bags of Coral Fragments | Items Declared/Value by G.A.B |
|---|---|---|---|---|
| 2 | November 22, 2017 | Chalices, yumas and others | 107 | Plastic Items $30 |
| 3 | February 1, 2018 | Chalices, mushrooms and other unspecified corals | 103 | Plastic Toys/ Woman's Bag $32 |
| 4 | April 6, 2018 | Yellow Chalices and other unspecified corals | 92 | Plastic Items $25 |
| 5 | July 11, 2018 | Mushrooms and other unspecified corals | 98 | Plastic and steel $20 |
| 6 | July 26, 2018 | Zoanthids, mushrooms, and other unspecified corals | 92 | Children's Toy $1 |

All of which is in violation of the Lacey Act, 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(A).

## COUNTS 7 - 9

31. Paragraphs 1-23 of this Indictment are hereby realleged in their entirety and incorporated by reference herein.

32. From or about November 21, 2017, and continuing up to on or about April 6, 2018, within the District of Alaska and elsewhere, the defendant, JEROME ANTHONY STRINGFIELD, did knowingly import wildlife in violation of the laws of the United States, to wit, hard corals from the order *Scleractinia* which had been sold contrary to the provisions of the Convention on International Trade of Endangered Species of Wild Fauna and Flora, as prohibited by the Endangered Species Act, 16 U.S.C. § 1538(c)(1) and (d)(1), and 50 C.F.R. § 23.13(f).) with each shipment below being a separate and distinct count:

| Count | Shipment Date | Corals | Number of Bags of Coral Fragments | Valuation/Items Declared by G.A.B |
|---|---|---|---|---|
| 7 | November 22, 2017 | Chalices, yumas and others | 107 | Plastic Items $30 |
| 8 | February 1, 2018 | Chalices, mushrooms and other unspecified corals | 103 | Plastic Toys/Woman's Bag $32 |
| 9 | April 6, 2018 | Chalices and other unspecified corals | 92 | Plastic Items $25 |

All of which is in violation of the Lacey Act, 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(A).

## COUNTS 10 - 14

33. Paragraphs 1-23 of this Indictment are hereby realleged in their entirety and incorporated by reference herein.

34. From on or about November 22, 2017, continuing up to on or about July 26, 2018, within the District of Alaska and elsewhere, the defendant, JEROME ANTHONY STRINGFIELD, did fraudulently and knowingly receive and buy corals from the Republic of the Philippines, knowing the same to have been imported or brought into the United States contrary to law, with each shipment being a separate and distinct count:

| Count | Shipment Date | Corals | Number of Bags of Coral Fragments | Valuation/Items Declared by G.A.B. |
|---|---|---|---|---|
| 10 | November 22, 2017 | Chalices, yumas and others | 107 | Plastic Items $30 |
| 11 | February 1, 2018 | Chalices, mushrooms and other unspecified corals | 103 | Plastic Toys/Woman's Bag $32 |
| 12 | April 6, 2018 | Chalices and other unspecified corals | 92 | Plastic Items $25 |
| 13 | July 11, 2018 | Mushrooms and other unspecified corals | 98 | Plastic and steel $20 |
| 14 | July 26, 2018 | Unspecified corals | 92 | Children's Toy $1 |

//
//
//
//
//
//
//
//
//
//

All of which is in violation of 18 U.S.C. § 545.

A TRUE BILL.

s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

s/ Steve Skrocki
STEVE SKROCKI
Assistant U.S. Attorney
United States of America

s/ Steve Skrocki for
CHARISSE ARCE
Assistant U.S. Attorney
United States of America

s/ John E. Kuhn, Jr.
JOHN E. KUHN, JR.
United States Attorney
United States of America

DATE:   April 20, 2022